### McCarthy *v.* Eggers.

*(Circuit Court, E. D. New York.* February 18, 1880.)

OWNERSHIP OF VESSEL—ACTION IN PERSONAM FOR REPAIRS.—Where E., a married woman, furnished money to a firm of ship-brokers for the purchase of a vessel, under an agreement that they were to manage and charter her, and if the money was not repaid at a certain time the vessel was to be the property of E., and a carpenter brought suit *in personam* against E. for a bill of repairs made upon order of the brokers, without any knowledge by him at the time that they were not the legal and sole owners, and the district court had held that the agreement was not proved so as to make the brokers liable as owners, upon appeal to the circuit court and further evidence taken, *held*, that the defence set up was established, and the brokers were the owners *pro hac vice.*

*Edw. C. S. Hubbe,* for plaintiff.

*Henry D. Hotchkiss,* for defendant.

BLATCHFORD, J. The district court rendered a decree in favor of the libellant on the ground that he was entitled to a decree unless the respondent had proved the defence set up, which defence that court stated to be that the vessel, at the time of the repairs, was under charter to Dill & Radman, by virtue of an agreement between that firm and the respondent whereby Dill & Radman became owners *pro hac vice,* and, therefore, alone responsible for the repairs sued for. The district court came to the conclusion that, as matter of fact, the respondent had failed to establish such defence.

On the evidence below, in connection with the further evidence taken in this court on the part of the respondent, I am of the opinion that the agreement set up in the answer is proved, and the defence is established.

The libel must be dismissed, with costs to the respondent in both courts.